# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THORNTON,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>R. FISHER, Warden,<br><br>　　　　　　　　Respondent. | Civil No.   15-0349 WQH (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS and**<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## REQUEST TO PROCEED IN FORMA PAUPERIS

　　　　Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

## FAILURE TO SATISFY CUSTODY REQUIREMENT

Upon review of the documents filed in this case, it appears that Petitioner is no longer in the custody of the State of California, for the conviction he challenges in the instant petition. "Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994); see also 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' *under the conviction or sentence under attack*." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (emphasis added) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); see also Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

The Supreme Court's interpretation of the "in custody" language has not required "actual" custody (i.e., that petitioner be physically confined when he challenges his conviction on habeas corpus). For example, the Supreme Court has held that a petitioner who was on parole when he filed his petition was in "constructive" custody sufficient to satisfy the "in custody" requirement. See Jones v. Cunningham, 371 U.S. 236 (1963).

Here, Petitioner challenges a conviction stemming from a February 22, 2014 parole violation. On March 24, 2014 he was sentenced to 180 days. According to Petitioner, the sentence was completed on August 24, 2014. (Pet. at 2.) Although Petitioner is currently in state prison, has not alleged that he is currently in custody pursuant to the conviction he seeks to challenge. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attached upon it." Maleng, 290 U.S. at 492; see also Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement). As such, Petitioner has not satisfied the custody requirement.

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." Rule 4, 28

U.S.C. foll. § 2254. Here, it is plain from the facts alleged in the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged he was in actual or constructive custody of the State of California, under the conviction or sentence under attack, when he filed his § 2254 Petition in this Court. Accordingly, the Court dismisses the action.

## CONCLUSION

For the above reasons, Petitioner's request to proceed in forma pauperis is **GRANTED** and the Petition is **DISMISSED** without prejudice for failure to satisfy the custody requirement. In order to have this case reopened, Petitioner must file a First Amended Petition, in which he alleges sufficient facts to show he was in custody at the time the Petition was filed, **no later than April 24, 2015**. For Petitioner's convenience, the Clerk of Court shall attach to this order a blank First Amended Petition form.

**IT IS SO ORDERED.**

DATED: March 6, 2015

_____
**WILLIAM Q. HAYES**
United States District Judge